Filed 6/26/13  P. v. Ruiz CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039343 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. F23835) |
| v. | |
| ADRIAN CASTANEDA RUIZ, | |
| Defendant and Appellant. | |

Defendant Adrian Castaneda Ruiz was contacted by law enforcement at a gas station, and he stated that his name was " 'Francisco Ruiz.' " [1]  Defendant had been driving a truck that was subsequently determined by law enforcement to be stolen.  A search of the truck by law enforcement also revealed the following items:  a glass "meth pipe"; a bindle containing 0.2 grams of a substance that tested presumptive positive for methamphetamine; cards that were in the names of people other than defendant, including a Chase debit card, a "Blue Cross Anthem" card, a "New Mexico Triple A" card, and a Costco card; and power tools similar to those that had been stolen from one of the cardholders.

---

[1] As defendant was convicted by plea, the facts are taken from the preliminary examination.

Defendant was charged by information with unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a); count 1), receiving stolen property (Pen. Code, § 496, subd. (a); count 2), possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count 3), misdemeanor possession of personal identifying information with intent to defraud (Pen. Code, § 530.5, subd. (c)(1); count 4), misdemeanor false identification to a police officer (Pen. Code, § 148.9, subd. (a); count 5), and misdemeanor possession of a device used for smoking a controlled substance (Health & Saf. Code, § 11364.1, subd. (a); count 6).

Defendant filed a motion to suppress evidence of "all tangible or intangible things obtained as a result of the unlawful detention, search and seizure of defendant." (See Pen. Code, § 1538.5.) The prosecutor filed opposition to the motion, contending that law enforcement saw defendant "driving a truck with broken brake lights and was thus justified in detaining him and requesting his identification," and that after defendant lied about his identity "further reasonable suspicion was developed to justify detaining" him. The prosecutor further argued that law enforcement was "justified in contacting and detaining [defendant] for search purposes," and that the search of the truck revealed the "contraband for which he is being charged in this case." The evidence at the February 14, 2013 hearing on defendant's motion to suppress included the following testimony by Santa Cruz County Sheriff's Deputy Jeffrey Simpson.

About 4:40 p.m. on December 1, 2012, Deputy Simpson was helping Sergeant Fish at a gas station when the deputy observed a truck drive by with a right rear brake light that was not working and had tape on it. The truck pulled into the gas station, and the deputy stopped his vehicle behind the truck. The deputy walked toward defendant, who had been driving the truck but was now outside the vehicle. Deputy Simpson recognized defendant from a picture he had seen while conducting gang investigations and he knew defendant's name was Adrian Ruiz. The deputy also thought defendant was on probation. Deputy Simpson told defendant his taillight was out and at some point

2

said, " 'Hey, I think I know you. Aren't you on probation?' " Defendant became agitated and said angrily, " 'You don't fuckin' know me. I ain't on fuckin' probation.' " Sergeant Fish approached defendant and asked his name. Defendant responded, " 'Francisco Ruiz.' " Defendant "was looking around" to his left and right and "was very agitated, very nervous." The deputy "deemed it to be a fight or run" situation and determined that "it definitely wasn't a typical reaction when you ask someone if they're on probation or tell someone I'm stopping you because you have a light out." Deputy Simpson handcuffed defendant. The deputy then ran the license plate and learned that it was lost or stolen. The deputy next ran the truck's VIN and learned that the truck was stolen and that the license plate did not belong to the truck. Defendant was placed under arrest and the truck was searched. Deputy Simpson also ran defendant's name and confirmed that he was on probation and learned that there was a warrant for him.

After hearing argument from the parties, the trial court denied defendant's motion to suppress evidence. The court found that there was sufficient evidence to support a reasonable suspicion defendant had violated the Vehicle Code, based on Deputy Simpson's testimony that the truck's brake light was not working, and that the vehicle stop was therefore justified. The court also determined that the handcuffing of defendant was justified based on his behavior. The court explained that, upon being contacted, defendant was agitated, upset, and looking left and right, which gave rise to "a reasonable suspicion that [he] may be seeking to run."

On February 14, 2013, after the denial of his motion to suppress, defendant pleaded no contest to count 1 (Veh. Code, § 10851, subd. (a); unlawfully driving or taking a vehicle) and to count 4 (Pen. Code, § 530.5, subd. (c)(1); misdemeanor possession of personal identifying information with intent to defraud). The court sentenced defendant to three years in jail pursuant to Penal Code section 1170, subdivision (h). The sentence consists of the upper term of three years on count 1, and a concurrent term of one year on count 4. The court granted defendant 152 days of custody

credits, consisting of 76 actual days plus 76 days conduct credit.  Defendant was ordered to pay various fees and a fine.  The remaining counts were dismissed on motion of the prosecutor.  The court stated it would retain jurisdiction over any restitution issues.

On February 15, 2013, defendant filed a notice of appeal challenging the denial of his motion to suppress (Cal. Rules of Court, rule 8.304(b)(4)(A)).  We appointed counsel to represent him in this court.  Appointed counsel has filed a brief which states the case and facts but which raises no issues.  We notified defendant of his right to file written argument in his own behalf within 30 days.  That period has elapsed and we have received no written argument from defendant.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record and have concluded that there are no arguable issues on appeal.

The judgment is affirmed.


_____
BAMATTRE-MANOUKIAN, J.


WE CONCUR:



_____
ELIA, ACTING P.J.




_____
MÁRQUEZ, J.


4